# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**JOSHUA RYAN SNYDER,**

    **Plaintiff,**

v.                                        Case No. 3:18-cv-01441

**SOUTH CENTRAL REGIONAL JAIL;**
**WESTERN REGIONAL JAIL;**
**CORPORAL ROOP; SGT. TONY;**
**OFFICER KING; PRIME CARE;**
**and SGT. FRANKLIN,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending is Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2) and Plaintiff's Motion to Dismiss the Western Regional Jail, Sgt. Franklin, Officer King, and Prime Care. (ECF No. 6). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3).

For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Plaintiff's Motion to Dismiss, (ECF No. 6), and reassign the instant civil action to the Charleston Division pursuant to the Standing Order for the assignment and referral of civil actions and matters to Magistrate Judges. (ECF No. 3 at 2).

I.   **Relevant History**

In November 2018, Plaintiff filed the complaint herein, (ECF No. 2), alleging violations of his constitutional rights during his incarcerations at the South Central Regional Jail located in Charleston, West Virginia and the Western Regional Jail located in Barboursville, West Virginia. With respect to his imprisonment at the South Central Regional Jail, Plaintiff claimed several violations of his rights; including that he should have been moved to the "misdemeanor pod" after his charges were dropped to misdemeanors in October 2018, but the Jail failed to move him. (ECF No. 2 at 4). Plaintiff also alleged that when he asked to contact his attorney multiple times, Correctional Officer Roop ("C.O. Roop") sprayed and handcuffed him, pulling his wrist out of the socket, and threatened him with a firearm, stating that "he would be on the other side of the gate to blow [Plaintiff's] head off" with a "glock" that he just purchased. (*Id.* at 5-6). Plaintiff further stated that C.O. Roop put him in the "whole" [sic] and tried to coerce him to sign papers stating that he, Plaintiff, had threatened C.O. Roop. (*Id.* at 6). Plaintiff asserted that although Officer King was helpful to him when he reported his issues at the jail, he spoke to "Mr. Terry," who did nothing to rectify the situation. (*Id.*).

The remainder of Plaintiff's claims in the complaint concerned his imprisonment at the Western Regional Jail. Specifically, Plaintiff alleged that there was three inches of water containing urine and fecal matter on the floor of his cell in A5 pod, as well as mold covering the walls and floor. (*Id.* at 7). He stated that he was denied cleaning supplies and that he developed a sore throat and cough during his incarceration, but that "the nurses" did not assist him. (*Id.*). Plaintiff further asserted that on November 6, 2018 around 5:00 p.m., he suffered a panic attack, which caused him to pass out and hit his head. (*Id.* at 8). Plaintiff allegedly "woke up on the floor with blood leaking from [his] head" and he asked

an officer for medical attention, but the officer purportedly laughed and continued to serve meal trays. (*Id.*). According to Plaintiff, he was eventually taken out of his cell between 9:30 p.m. and 10:00 p.m. that evening and placed in an interview room for one hour before he was finally taken to St. Mary's Medical Center in Huntington, West Virginia for medical treatment. (*Id.* at 9). Plaintiff requested prospective injunctive relief and financial compensation for his mental anguish and "health concerns." (*Id.* at 5).

Upon review of the Complaint, the undersigned ordered Plaintiff to amend his complaint to correct certain deficiencies. (ECF No. 4). First, the undersigned noted that Plaintiff had made essentially the same claims regarding his confinement at the Western Regional Jail in another civil action that was already pending in this court: *Snyder v. Western Regional Jail Authority, et al.*, Case No. 3:18-cv-1438. (ECF No. 4 at 2). Therefore, the undersigned ordered Plaintiff to advise the court within 30 days whether there were any claims in the instant matter that could not be prosecuted in his other pending case. *Id.* Also, the undersigned noted that Officer King and Sergeants Tony and Franklin were listed as defendants, but the only allegations regarding Officer King were that she assisted and protected Plaintiff, and there were no allegations in the complaint pertaining to Sergeants Tony and Franklin. (*Id.*). In addition, the undersigned noted that Prime Care was listed as a defendant, but was not mentioned in the Complaint. (*Id.*). Therefore, the undersigned ordered Plaintiff to amend his Complaint to provide factual statements as to how the above-named defendants violated his constitutional rights. (*Id.*). Alternatively, Plaintiff could file a notice to dismiss the defendants from the lawsuit, if he so wished. (*Id.* at 3). Finally, the undersigned noted that Plaintiff's Complaint did not identify the nature of the injuries that Plaintiff claimed that he suffered. (*Id.*). The undersigned ordered Plaintiff to amend his Complaint to provide information regarding

his injuries within 30 days. (*Id.*).

In response to the undersigned's order, Plaintiff filed a Motion to Dismiss Sergeants King and Franklin, the Western Regional Jail, and Prime Care from this action. (ECF No. 6). Plaintiff indicated that he wished to pursue his claims against the Western Regional Jail and Prime Care in his other pending action: *Snyder v. Western Regional Jail Authority, et al.*, Case No. 3:18-cv-1438. (*Id.*). Plaintiff also filed his Amended Complaint, containing additional information regarding the alleged violations of his constitutional rights at the South Central Regional Jail. (ECF No. 7).

## II.   Discussion

Plaintiff seeks to voluntarily dismiss the Western Regional Jail, Prime Care, and Sergeant Franklin, because he already has a civil action pending in this Court related to the conditions of confinement he experienced while incarcerated at the Western Regional Jail. *See* Case No. 3:18-cv-1438. That case is still in its early stages; therefore, Plaintiff will have an opportunity to amend his Complaint if necessary to include claims asserted in this action that have not yet been explicitly added in Case No. 3:18-cv-1438. Plaintiff further seeks to dismiss Sergeant King from the lawsuit, presumably because she assisted Plaintiff, rather than violated his constitutional rights.

With respect to the remaining defendants named in the Complaint, all of whom are located at South Central Regional Jail in the Charleston Division of this Court, Plaintiff has reasserted his claims against those defendants in his Amended Complaint. Consequently, Plaintiff has effectively and properly separated his claims against the Western Regional Jail and its employees from his claims against the South Central Regional Jail and its employees, and he now has a separate civil action pending against each group of defendants. Given the current posture of these cases, the undersigned

**FINDS** that the Complaint filed herein, (ECF No. 2), should be dismissed, with prejudice, as it has been subsumed, in part, in Case No. 3:18-cv-1438 and has been superseded, in part, by the Amended Complaint. (ECF No. 7). The undersigned further **FINDS** that in keeping with the Standing Order for the assignment and referral of civil actions and matters to Magistrate Judges, (ECF No. 3 at 2), this civil action should be reassigned to the Charleston Division.

### III. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Plaintiff's Motion to Dismiss, (ECF No. 6), and reassign the instant civil action to the Charleston Division pursuant to the Standing Order for the assignment and referral of civil actions and matters to Magistrate Judges. (ECF No. 3 at 2).

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** April 19, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge